HAMITER, Justice.
John Ralph was charged in a bill of information with having committed the crime of simple burglary. He was found guilty and sentenced to serve nine years at hard labor in the Louisiana State Penitentiary.
The defendant is appealing from such conviction and sentence, and he relies on one bill of exceptions to obtain a reversal thereof. (We understand from the briefs filed herein that the accused was represented prior to and during the trial by an attorney of his own choosing. This appeal is prosecuted in his behalf by counsel appointed by the court.)
We find no merit in the bill of exceptions which was reserved under the circumstances hereinafter set forth. Following the presentation of the state’s case in chief defendant requested that one Alvin Dousay be called on cross examination, it being stated at the time that Dousay was a deputy sheriff of the parish, that he was one of the arresting officers, and that he would probably be a hostile witness. Although no objection was made by the state the trial court denied the request, to which ruling the defendant objected and reserved his sole bill of exceptions
Thereafter, however, Dousay was placed on the stand by the accused as his own witness. The transcript of the entirety of his testimony is contained in the record as part of the bill. It reveals that defense counsel was permitted to examine him fully, some of the questions being in the form of leading questions offered without objection from the district attorney or the court. His responses were direct and complete and without any evidence whatsoever of hostility on his part. Also in connection with the examination of Dousay defense counsel was permitted to read such officer’s police report of his participation in the occurrence and to question him concerning its contents.
The testimony shows that the witness was not the arresting officer, but that he was called to the scene some time after the arrest had taken place in order to transport the accused to the police station at Clinton. He had no personal knowledge of what had occurred.
Assuming, arguendo, that the ruling complained of was erroneous, the defendant fails to show that any prejudice resulted therefrom, and we perceive none. (In fact, in neither the defendant’s brief nor in *385 the oral argument presented here was even the general statement made that the witness proved to be hostile or that the ruling was prejudicial.)
This court in countless cases has applied the provisions of Article 921 of the Code of Criminal Procedure (formerly LRS 15:557), and it has held that, in view thereof, “We are not required to reverse a judgment of conviction unless the trial error constitutes a substantial violation of a constitutional right or that the accused has otherwise been prejudiced.” State v. Hopper, 253 La. 439, 218 So.2d 551. See also State v. Barber et al., 167 La. 635, 120 So. 33 and State v. Winstead et al., 204 La. 366, 15 So.2d 793.
For the reasons assigned the conviction and sentence are affirmed.